■ CARL ZEUMER, Respondent, v FIRE BURGLARY INSTRUMENTS, INC., et al., Appellants. [619 NYS2d 782] —In an action to recover damages for breach of an employment contract, the defendants appeal from a judgment of the Supreme Court, Nassau County (Yachnin, J.), entered July 21, 1993, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $40,000.

Ordered that the judgment is modified, on the facts, by reducing the damages awarded from the principal sum of $40,000 to the principal sum of $16,000; and as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment.

The plaintiff entered into a two-year employment contract with the defendants Fire Burglary Instruments, Inc., and FBX Corp. (hereinafter referred to jointly as FBX) to serve as Vice President of Operations, at an annual salary of $99,800 plus an incentive bonus "of up to $4,000.00 per month provided certain production efficiency and shipping goals, to be mutually agreed upon [were] achieved". After the plaintiff had been employed for 14 months, FBX was acquired by the defendant Pittway Corporation (hereinafter Pittway). The manufacturing

operations of FBX were transferred to Pittway's subsidiary, the defendant Ademco, eliminating Pittway's need for the plaintiff to continue as a vice president. The plaintiff was assigned other tasks and, three months prior to the end of his contract, was given the position of a consultant, at the same base salary plus three months severance pay. However, the defendants maintained that since the plaintiff no longer had any production or shipping responsibilities which would merit an incentive bonus, he was not entitled to any bonuses during his last 10 months of employment.

After trial, the Supreme Court found that the defendants had unilaterally changed the plaintiff's position, in breach of the contract, and prevented him from earning the incentive bonuses. Thus, the court awarded the plaintiff the principal sum of $40,000, representing $4,000 per month for 10 months, the time remaining on the employment contract as of the date of the acquisition.

The court's finding that the defendants breached the plaintiff's employment contract was fully supported by the evidence. Where an employee is under contract to fill a particular position, any material change in his duties or significant reduction in rank may constitute a breach of the contract *(see, Rudman v Cowles Communications,* 30 NY2d 1, 10; *Hondares v TSS-Seedman's Stores,* 151 AD2d 411, 413; *Karas v H.R. Labs.,* 271 App Div 530, 534, *affd* 297 NY 494).

The court erred, however, in calculating the plaintiff's damages. There was no basis for awarding the plaintiff $4,000 for each of the 10 months remaining on his contract. The plaintiff conceded that he was not owed a bonus for three of those months. Based upon the formula which the court found had been utilized by FBX to determine the plaintiff's entitlement to a bonus and the sales figures provided by the defendants, the plaintiff would have earned a bonus in four of the seven remaining months in 1990 after the acquisition. He would not have been entitled to a bonus for any month in 1991. Consequently, the damages awarded should be reduced to the principal sum of $16,000.

The defendants' remaining contention is without merit. Lawrence, J. P., Santucci, Altman and Goldstein, JJ., concur.