■ AURIELEN LINTERMANS, INC., Respondent, v ROGER RESCA, Also Known as ROGET RESCA, Appellant, et al., Defendant. [635 NYS2d 23] —Order, Supreme Court, New York County (William Davis, J.), entered October 27, 1993, which, *inter alia*, granted so much of plaintiff's cross-motion as sought summary judgment on its first cause of action for breach of contract against defendant-appellant, unanimously reversed, on the law, and plaintiff's cross-motion with respect to said first cause of action is denied, with costs.

The plaintiff corporation sued the defendant-appellant for, *inter alia*, breach of an employment agreement, pursuant to which defendant-appellant was employed as "a haircutter and hairstylist and assistant manager" for the term of February 1, 1984 to January 31, 1987. The agreement did not contemplate termination of defendant-appellant's employment before the end of the stated term. By letter dated August 2, 1985, defendant-appellant terminated his employment with the plaintiff. While the letter itself cites an unspecified breach of a "Shareholders' Agreement dated February 14, 1984" as the reason for his resignation, at his deposition, defendant-appellant cited other reasons for his resignation, which included intolerable work conditions, a material change in duties and reduction in rank. Defendant-appellant's statements are supported by the affidavit of another employee hired by the plaintiff to act in a number of capacities including that of manager.

"The law is clear that if an employee is under contract to fill a particular position, any material change in his duties or sig-

nificant reduction in rank may be treated by the employee as a breach of the contract" (*Hondares v TSS-Seedman's Stores*, 151 AD2d 411, 413). Here, the evidence raises triable issues of fact with respect to whether defendant-appellant's duties under the employment agreement were materially changed and whether he was demoted from his managerial status. There are also issues of fact raised with regard to whether defendant-appellant resigned for cause. It is well settled that summary judgment should not be granted where there is any doubt as to the existence of a triable issue of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231). Concur—Murphy, P. J., Sullivan, Ross, Williams and Tom, JJ.