■ LAWRENCE ROMANO, Respondent, v BASICNET, INC., Appellant, et al., Defendants. (Appeal No. 2.) [661 NYS2d 135] —Judgment and order unanimously affirmed without costs. Memorandum: In 1992 Basicnet, Inc. (defendant) hired plaintiff to serve as its president for a period of five years. Pursuant to the employment contract, if plaintiff were fired without cause, he would be entitled to his salary for the remainder of the five-year term. In 1993 disagreements arose between plaintiff and the Chairman of the Board of Directors regarding personnel matters, and, following a meeting of the Board of Directors (Board) in January 1994, plaintiff was ordered to fire his son-in-law, who worked in the Marketing Department. Plaintiff suffered a heart attack in March 1994 and took a leave of absence from work. He was fired in October 1994 after refusing to return to work within the deadline imposed by the Board.

The complaint alleges causes of action for breach of contract, constructive termination, tortious interference with contract rights, intentional infliction of emotional distress and libel. Defendant asserted a counterclaim seeking the return, pursuant to a "Side Agreement for Split Dollar Collateral Assignment Plan" (Side Agreement), of premiums paid on a life insurance policy for plaintiff. Following a jury trial, plaintiff was awarded damages on his causes of action for breach of contract and constructive termination. The jury did not award defendant damages on its counterclaim. Defendant appeals.

We reject the contention of defendant that Supreme Court erred in admitting parol evidence of the negotiations between plaintiff and the Board regarding plaintiff's duties as president. That evidence was not inconsistent with the employment contract, which did not specify plaintiff's duties as president (*see, Rudman v Cowles Communications*, 30 NY2d 1, 10-11; *see also*, Prince, Richardson on Evidence § 11-101 [Farrell 11th ed]).

"Viewing the trial evidence in the light most favorable to the plaintiff and according plaintiff the benefit of every favorable inference" (*Restey v Victory Mkts.*, 127 AD2d 987, *lv denied* 69 NY2d 613), we conclude that the verdict is not wholly irrational (*see, Cohen v Hallmark Cards*, 45 NY2d 493, 499). The evidence establishes that defendant breached the employment contract by materially changing plaintiff's duties (*see, Rudman v Cowles Communications, supra*, at 10; *Zeumer v Fire*

*Burglary Instruments*, 210 AD2d 318, 319) and that plaintiff did not violate his duty of loyalty to defendant. The evidence also establishes that defendant "made working conditions so difficult that a reasonable person would feel forced to resign" (*Fischer v KPMG Peat Marwick*, 195 AD2d 222, 226), as alleged in the cause of action for constructive termination.

Defendant contends that it established its entitlement to judgment on the counterclaim for the return of insurance premiums pursuant to the Side Agreement. The verdict sheet made no reference to the counterclaim, however, and defendant failed to object to that omission. Thus, the issue regarding the counterclaim is unpreserved for our review. Contrary to defendant's contention, the jury's award of damages to plaintiff is otherwise supported by the evidence. (Appeal from Judgment and Order of Supreme Court, Erie County, Michalek, J.—Breach of Contract.) Present—Pine, J. P., Lawton, Doerr, Balio and Boehm, JJ.