McGregor v Permclip Prods. Corp. (2018 NY Slip Op 04184)





McGregor v Permclip Prods. Corp.


2018 NY Slip Op 04184


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, TROUTMAN, AND WINSLOW, JJ.


657 CA 17-00858

[*1]STEVEN MCGREGOR, PLAINTIFF-RESPONDENT,
v
PERMCLIP PRODUCTS CORP., DEFENDANT-APPELLANT. 






HOGANWILLIG, PLLC, AMHERST (COREY J. HOGAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
CHIACCHIA & FLEMING, LLP, HAMBURG (ANDREW P. FLEMING OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered March 3, 2017. The judgment, inter alia, dismissed defendant's counterclaims. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for, inter alia, breach of an employment agreement. The case proceeded to trial, and the jury found in favor of plaintiff and awarded him damages in the amount of $400,000. We reject defendant's contention that Supreme Court erred in denying its posttrial motion to set aside the verdict as against the weight of the evidence. It is well settled that a verdict may be set aside as against the weight of the evidence only if "the evidence so preponderate[d] in favor of the [defendant] that [the verdict] could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995] [internal quotation marks omitted]), and that is not the case here.
We reject defendant's further contention that the court erred in its evidentiary rulings. The court acted within its discretion in determining that certain evidence would be cumulative to other evidence or would confuse the jury (see generally Feldsberg v Nitschke, 49 NY2d 636, 643 [1980]). We also reject defendant's contention that the court erred in dismissing its counterclaims. With respect to the fraud counterclaim in particular, such a claim has a scienter element (see Barrett v Grenda, 154 AD3d 1275, 1277 [4th Dept 2017]). In its verified answer to the second amended complaint, defendant alleged that, at the time of the fraudulent acts, plaintiff knew that defendant's sole shareholder was incompetent. The court properly dismissed that counterclaim on the ground that defendant failed to prove at trial that plaintiff knew that the person was incompetent.
Contrary to defendant's contention, the damages award is supported by the evidence (see Romano v Basicnet, Inc., 238 AD2d 910, 911 [4th Dept 1997]). Defendant's contention that it was denied a fair trial by the summation of plaintiff's counsel is largely unpreserved for our review (see Short v Daloia, 70 AD3d 1384, 1384-1385 [4th Dept 2010]). To the extent that it is preserved for our review, we conclude that, even assuming, arguendo, that counsel's reference to the dismissal of the counterclaims was improper, it was not so prejudicial as to deprive defendant of a fair trial (see Guthrie v Overmyer, 19 AD3d 1169, 1171 [4th Dept 2005]). We have examined defendant's remaining contentions and conclude that they are without merit.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court