Vial v Velocity Servers, Inc. (2024 NY Slip Op 01464)

Vial v Velocity Servers, Inc.

2024 NY Slip Op 01464

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND DELCONTE, JJ.

1025 CA 23-00079

[*1]ALEX S. VIAL, PLAINTIFF-APPELLANT
v
VELOCITY SERVERS, INC., NOW KNOWN AS WNY IT SERVICES, INC., DOING BUSINESS AS COLORCROSSING, DEFENDANT-RESPONDENT. 

COLUCCI & GALLAHER, P.C., BUFFALO (PAUL G. JOYCE OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
GROSS SHUMAN P.C., BUFFALO (B. KEVIN BURKE, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered July 22, 2022. The order denied in part the motion of plaintiff for summary judgment and dismissed plaintiff's breach of contract cause of action with respect to a sale bonus. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by reinstating the first cause of action in its entirety, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking, inter alia, damages arising from defendant's alleged breach of contract with respect to a retention bonus agreement (agreement) that required payment to plaintiff of, among other things, an annual bonus for the year 2018 and a sale bonus. Pursuant to the agreement, plaintiff was entitled to an annual bonus of 10% of defendant's "net profits" each year, and a sale bonus of 10% of the "net proceeds" of a sale "[i]n the event [defendant] sells all or a substantial portion of its assets ('Assets Sale'), and as a result of said sale [plaintiff] is no longer employed by [defendant], and [plaintiff] following such sale has no ownership interest, directly or indirectly, in the purchaser." In 2018, defendant sold a portion of its assets to non-party Deluxe Small Business Sales, Inc. (Deluxe), with defendant retaining only a leased data center. Plaintiff, with the understanding that he would no longer be able to work for defendant after the sale was completed, accepted a position with Deluxe, as did the majority of defendant's employees. The following year, Deluxe issued nominal shares of stock to plaintiff, along with other employees, as part of a company-wide employee-compensation program. Plaintiff commenced the instant lawsuit when defendant refused to pay him an annual bonus, pro-rated, for 2018, or a sale bonus. Plaintiff moved for, inter alia, summary judgment on his cause of action for breach of contract arising from defendant's alleged failure to pay the sale bonus and the annual bonus for the year 2018 and dismissing defendant's counterclaims, and plaintiff now appeals from an order that, among other things, denied those parts of plaintiff's motion and sua sponte dismissed plaintiff's breach of contract cause of action with respect to the sale bonus.
We agree with plaintiff that Supreme Court erred in determining as a matter of law that plaintiff voluntarily resigned from defendant after the sale of assets to Deluxe and we therefore conclude that the court further erred in sua sponte dismissing that part of plaintiff's cause of action for breach of contract with respect to the sale bonus. "[T]he role of the courts in resolving summary judgment motions is 'issue finding, not issue determination' " (Glennon v West Taft Rd. Assoc., LLC, 215 AD3d 1246, 1248 [4th Dept 2023]), and the court's authority to search the record upon a summary judgment motion pursuant to CPLR 3212 (b) is limited to the "issue[s] that [are] the subject of the motions before the court" (Delaine v Finger Lakes Fire & Cas. Co., 23 AD3d 1143, 1144 [4th Dept 2005]). Defendant did not contend on the motion that the [*2]evidence established as a matter of law that plaintiff voluntarily resigned and, indeed, the evidence in the record demonstrates that the sale to Deluxe could have resulted in potentially significant changes to plaintiff's employment duties and compensation, including his annual bonuses, thus establishing that there is an issue of fact whether plaintiff's resignation was voluntary or was a constructive discharge as a result of the sale (see generally Henrich v Phazar Antenna Corp., 33 AD3d 864, 866-867 [2d Dept 2006]; Romano v Basicnet, Inc., 238 AD2d 910, 911 [4th Dept 1997]). We therefore modify the order accordingly.
We reject plaintiff's contention that the court erred in denying his motion insofar as it sought summary judgment on the breach of contract cause of action with respect to the sale bonus and the annual bonus for the year 2018 and dismissal of defendant's counterclaim for overpayment of annual bonuses. With respect to the sale bonus, plaintiff failed to submit evidence establishing the value of the data center that was retained by defendant following the sale of assets to Deluxe, and thus "[t]he evidence submitted by [plaintiff] in support of [that part of his] motion was insufficient to establish as a matter of law that" the sale of assets to Deluxe comprised a substantial portion of defendant's assets (Chamberlain v Church of the Holy Family, 160 AD3d 1399, 1400 [4th Dept 2018]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). With respect to those parts of plaintiff's motion seeking summary judgment on the cause of action for breach of contract regarding the annual bonus for the year 2018 and dismissal of defendant's counterclaim for alleged overpayment of the annual bonuses, the parties' submissions of conflicting expert opinions regarding the proper method for determining the "net proceeds" to be used to calculate the annual bonuses presents a classic "battle of the experts that is properly left to a jury for resolution" (Cooke v
Corning Hosp., 198 AD3d 1382, 1383 [4th Dept 2021] [internal quotation marks omitted]).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court