■ TREMCO, INC., Appellant, v DAN M. TURK et al., Respondents.—Order insofar as appealed from modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint herein. Contrary to defendants' argument, Supreme Court's decision denying plaintiff's motion for a preliminary injunction does not constitute the law of the case (see, Preston Corp. v Fabrication Enters., 68 NY2d 397, 402; Walker Mem. Baptist Church v Saunders, 285 NY 462, 474; Siegel, NY Prac § 448) and thus does not provide the predicate to establish defendants' entitlement to summary judgment. Defendants otherwise failed to proffer evidentiary proof in admissible form "sufficiently to warrant the court as a matter of law in directing judgment" in their favor (CPLR 3212 [b]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067).

However, Supreme Court did not err in denying plaintiff's

cross motion for summary judgment on its first cause of action seeking liquidated damages. Issues of fact exist whether the "amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation" *(Truck Rent-A-Center v Puritan Farms 2nd,* 41 NY2d 420, 425).

All concur, except Doerr, J. P., who dissents in part and votes to affirm, in the following Memorandum.

Doerr, J. P. (dissenting). I must dissent and vote to affirm Supreme Court's dismissal of plaintiff's complaint. Because the restrictive covenants governing defendant Turk's employment after the termination of his employment with plaintiff are overbroad and unenforceable as a matter of law, I cannot agree with the conclusion reached by the majority that defendant Turk's evidentiary showing was insufficient to support his motion for summary judgment. Paragraphs 13 (b) and 15 (a) (iii) of the agreement contain no geographical limitations, nor are they restricted in scope. Thus, they are unenforceable as a matter of law *(see, Wolff v Wolff,* 67 NY2d 638, 641; *American Broadcasting Cos. v Wolf,* 52 NY2d 394, 403-404; *Matter of Sprinzen [Nomberg],* 46 NY2d 623, 632). Even if we conclude that paragraph 15 (a) (iii) is sufficiently narrowly drawn as to be enforceable, summary judgment was still properly granted. Defendant Turk demonstrated, and plaintiff does not dispute, that he had not conducted any business in Western New York before the termination of his employment; therefore, he did not violate this clause.

Plaintiff's cause of action for intentional interference with contract against defendant Hickman was also properly dismissed, as defendant Hickman submitted sufficient proof that it did not intentionally procure a breach of Turk's contract with plaintiff, and plaintiff failed to provide evidence sufficient to raise a question of fact on this issue. (Appeal from Order of Supreme Court, Niagara County, Mintz, J.—Summary Judgment.) Present—Doerr, J. P., Boomer, Green, Pine and Davis, JJ.