■ In the Matter of the Liquidation of IDEAL MUTUAL INSURANCE COMPANY. STONY BROOK SCHOOL, Respondent, v DOUG RUEDLINGER, INC., et al., Appellants.—Order, Supreme Court, New York County (David H. Edwards, J.), entered July 16, 1990, which denied the motion of the Superintendent of Insurance as liquidator of defendant Ideal Mutual Insurance

Company to confirm a Referee's report recommending denial of plaintiff's claims and dismissal of the complaint, and denied the cross-motion by the Ruedlinger defendants and the Fund Insurance Co., Ltd. for summary judgment dismissing the complaint and seeking sanctions and attorneys' fees against plaintiff unanimously modified, on the law, to confirm the Referee's report and dismiss the complaint, with costs, and otherwise affirmed.

This is a declaratory judgment action brought by plaintiff Stony Brook School against Ideal Mutual Insurance Company (now in liquidation) and the other defendants, known as the "Extra-Curricular School Liability/Lifetime Medical Plan" (the "insurance plan"), seeking a determination that Stony Brook should be afforded insurance coverage for an underlying personal injury claim under a policy purportedly issued to it by Ideal. The insurance plan, which is conceded for purposes of this appeal to have been in effect when a Stony Brook student named John Pierce was injured during a football game, provided $5 million excess liability coverage to Stony Brook or, alternatively, upon waiver by the injured party of any liability claims against Stony Brook, lifetime medical and rehabilitative expenses to the injured person.

At a hearing held before a Referee it was revealed that Stony Brook's primary liability insurer had paid $640,834.75, an amount within its coverage, to Pierce and his parents "in full and final settlement of all claims" against Stony Brook except for any rights the Pierces might have against the insurance plan. The release agreement also provided that the first $640,834.75 of any monies recovered by the Pierces under the insurance plan would be paid to Stony Brook or its designee. Significantly, the Pierces filed their own claim against the liquidator of Ideal under the insurance plan, a matter which was not before the Referee.

The Referee concluded that in view of the release agreement there was no justiciable controversy for the court to determine pursuant to CPLR 3001. We agree. As noted in a leading treatise, "the courts are not empowered to render advisory opinions, or determine abstract, moot, hypothetical, remote or academic questions." (3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.03.) Moreover, the plaintiff must have standing, i.e. a "legally protectible interest, that is in direct issue or jeopardy, in order to invoke the remedy of declaratory judgment in the area of private litigation." (*Id.*, at ¶ 3001.04.)

Stony Brook has been released from any claims against it by the Pierces, and only the injured student has a right to

recover lifetime medical benefits under the insurance plan, a right which the Pierces are pursuing by separate claim in the liquidation proceeding of Ideal. Whether the insurance plan was in effect when John Pierce was injured, and whether he is entitled to lifetime medical benefits under the plan after having accepted $640,834.75 in "full and final settlement of all claims" against Stony Brook, are matters which no longer concern Stony Brook, and which must be determined in the proceeding instituted by the Pierces. Accordingly, the Referee's report is confirmed in all respects, the motion and cross-motion by the defendants for summary judgment dismissing the complaint are granted, and the complaint is dismissed. We find no basis for the imposition of sanctions or the recovery of attorneys' fees from Stony Brook. Concur—Sullivan, J. P., Carro, Ellerin, Ross and Asch, JJ.