■ WEISER LLP, Appellant, v JEFFREY S. COOPERSMITH et al., Respondents. [859 NYS2d 634]—

Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered June 21, 2007 and August 13, 2007, which, after a nonjury trial, granted defendants' motion pursuant to CPLR 4401 to dismiss the complaint, except to the extent of directing entry of judgment in the amount $30,513.16 for defendants' retention of certain of plaintiff's accounts receivable, unanimously modified, on the law, to reinstate the first cause of action for breach of the restrictive covenant in article 14.1 of the subject partnership agreement and seeking damages in accordance with article 14.4 thereof, and the second and third causes of action for breach of fiduciary duty, the $30,513.16 award vacated, the matter remanded for further proceedings with respect to the first, second and third causes of action, and otherwise affirmed, with costs in favor of plaintiff payable by defendants.

The trial court found that plaintiff accounting firm (Weiser) failed to establish a prima facie case against the individual defendants (Coopersmith, Simon and Vogel; collectively the former partners), and the firm they formed, for enforcement of the restrictive covenant and liquidated damages clause in Weiser's 2003 second amended and restated partnership agreement (WPA). This was error. The evidence showed, prima facie, that the restrictive covenant was ancillary to the merger agreement between Weiser and the former accounting firm of Lopez,

Edwards, Frank & Co. LLP (Lopez), and is enforceable because not more extensive than reasonably necessary to protect Weiser's legitimate interest in enjoying the assets and goodwill it had acquired pursuant to the merger (*see Purchasing Assoc. v Weitz*, 13 NY2d 267 [1963]; *Mohawk Maintenance Co. v Kessler*, 52 NY2d 276 [1981]). That the former partners held only a minority interest in Lopez and Weiser does not render *Purchasing Assoc.* inapplicable (*see Delta Resources v Harkin*, 118 AD2d 133 [1986]; *Payment Alliance Intl., Inc. v Ferreira*, 530 F Supp 2d 477, 483-484 [SD NY 2007], citing *Misys Intl. Banking Sys., Inc. v TwoFour Sys., LLC*, 6 Misc 3d 1004[A], 2004 NY Slip Op 51721[U] [Sup Ct, NY County 2004]). Moreover, Weiser's 1998 partnership agreement was explicitly referred to in the merger agreement, signed simultaneously with the merger agreement by the Lopez partners, including Cooperman and Vogel, and bound its signatories to any amendments thereto, i.e., the WPA; likewise, Simon signed an admission agreement in which he consented to be bound by the 1998 partnership agreement on terms that the evidence shows were met. We note that we would reach the same result even if we were to review Weiser's evidence under the more exacting test applicable to employment contracts (*see BDO Seidman v Hirshberg*, 93 NY2d 382, 393 [1999]). Weiser's evidence also showed, prima facie, that the amount stipulated as liquidated damages was tied to what an arm's length purchaser would have paid for a lost client account as a firm asset on a sale of Weiser's practice, and, as such, is a reasonable measure of the anticipated probable harm from a breach of the restrictive covenant (*id.* at 396). Weiser's evidence also made out prima facie claims for breach of fiduciary duty based on the former partners having engaged in acts, prior to their voluntary withdrawal from Weiser, that conflicted with Weiser's interests, including using its staff and equipment to set up their new firm and soliciting its clients and employees to follow them to their new firm (*see Birnbaum v Birnbaum*, 73 NY2d 461, 465, 466 [1989]; *Graubard Mollen Dannett & Horowitz v Moskovitz*, 86 NY2d 112, 120-121 [1995]; *Don Buchwald & Assoc., Inc. v Marber-Rich*, 11 AD3d 277, 278 [2004]). Such acts by the former partners amounted to more than merely informing Weiser's clients and employees of their impending withdrawal (*see Graubard* at 120), and were a plain violation of the WPA. The trial court correctly dismissed Weiser's remaining causes of action. We have considered Weiser's various evidentiary arguments and find them unavailing. Concur—Lippman, P.J., Tom, Gonzalez, Buckley and Renwick, JJ.