RONALD BENDERSON et al., as Trustees of the BENDERSON 85-1 TRUST, Appellants, v ULRICH/34 CHESTNUT STREET, LLC, et al., Respondents. [871 NYS2d 547]—

Memorandum: Plaintiff trustees entered into an agreement to sell property owned by the trust to Ulrich/34 Chestnut Street, LLC (defendant). Pursuant to the agreement, defendant had 45 days in which to enter the property under specified circumstances in order to perform inspections, including environmental testing. After several extensions of that 45-day period, defendant terminated the agreement in January 2005. In March and April 2005, however, plaintiffs and defendant entered into negotiations in an effort to reinstate the agreement. On March 24, 2005, defendant directed defendant Nature's Way Environmental Consultants & Contractors, Inc. (Nature's Way) to continue its environmental testing of the property that it had conducted before the agreement had been terminated. As a result of testing by Nature's Way between March 24 and April 26, 2005, contamination of the soil was discovered, resulting in spill notification to regulatory authorities by Nature's Way. Defendant did not ultimately purchase the property.

Plaintiffs commenced this action alleging that Nature's Way, while acting as defendant's agent, trespassed on the property when it conducted the soil testing in March and April that led to the discovery of contamination. We conclude that Supreme Court erred in granting the motion of defendant seeking dismissal of the complaint "and/or summary judgment" but properly denied plaintiffs' cross motion for summary judgment. We therefore modify the order accordingly.

In support of its motion, defendant contended that the trespass cause of action must be dismissed because defendant has a defense founded upon documentary evidence. According

to defendant, "Nature's Way was on the Property for the purpose of performing a Phase II Environmental Site Assessment, with the full knowledge and consent of the Plaintiff[s]." We conclude, however, that defendant failed to support that contention with the requisite documentary evidence, inasmuch as the attached documents establish that, by letter dated December 13, 2004, the inspection period for the Phase II Environmental Site Assessment was extended only to December 23, 2004. Thus, defendant failed to meet its initial burden of establishing as a matter of law that it had permission to enter the property in March or April 2005. We also reject the contention of defendant that, even assuming, arguendo, that there was a trespass, the trespass cause of action must be dismissed because plaintiffs "ha[ve] not and cannot demonstrate that [they have] suffered any damages as a result of the trespass." Plaintiffs allege in the complaint that, by reason of defendants' conduct, they have "incurred environmental remediation costs in an amount to be determined at trial and the value of the Property has been impaired to the plaintiff[s'] damage in the amount to be determined at trial." We conclude that defendant failed to meet its initial burden of establishing that plaintiffs did not sustain any damages (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Indeed, the attorney for plaintiffs who was responsible for negotiations stated in an opposing affidavit that "plaintiff[s] would not have incurred [the costs of environmental remediation] but for the Defendants['] trespass." We note in addition that the statement of defendant that plaintiffs "cannot" establish that they sustained any damages is without merit in view of the well-settled principle that defendant cannot point to gaps in its opponents' proof to establish its entitlement to judgment (see Orcutt v American Linen Supply Co., 212 AD2d 979 [1995]). Furthermore, the court erred in granting that part of defendant's motion seeking dismissal of the claim for punitive damages inasmuch as defendant did not meet its initial burden of establishing that it did not act in a manner warranting punitive damages during the alleged trespass (see generally Massare v Di Nardo, 35 AD3d 1157 [2006]). Finally, based on the record before us, we conclude that there are issues of fact that preclude plaintiffs' entitlement to summary judgment, and thus the court properly denied plaintiffs' cross motion (see generally Zuckerman, 49 NY2d at 562). Present—Centra, J.P., Fahey, Peradotto, Green and Gorski, JJ.