■ 1 MODEL MANAGEMENT, LLC, Appellant, v ALI KAVOUSSI, Respondent. [918 NYS2d 431]—

Plaintiff 1 Model Management (1MM), a model agency, seeks damages and injunctive relief against Ali Kavoussi, a former 1MM model agent employed pursuant to a May 2004 contract. In May 2008, Kavoussi terminated the contract, left 1MM, and began working for another model agency, Men Women N.Y. Model Management Inc. doing business as Women Management (Men Women). During the next eight months, three models whom 1MM had been representing when Kavoussi terminated the contract also left 1MM for Men Women.

Kavoussi failed to comply with a contract provision requiring him to provide 90 days' advance notice before terminating. He contends that a letter from 1MM to Kavoussi expressly waived the requirement, but the letter only stated that 1MM was "willing" to waive it and asked Kavoussi to execute an acknowledgment that he would comply with various provisions in the contract. Since Kavoussi did not sign the acknowledgment, a triable issue of fact exists whether notice actually was waived or was conditioned upon the acknowledgment.

The contract also provided that, for the one-year period after his termination, which has now passed, Kavoussi could not "be employed by . . . any entity which . . . represents . . . any model managed by 1MM at the time of Employee's termination or at any time during the 90-day period preceding such termination." Such a restrictive covenant is enforceable only to the extent, among other things, that it is reasonable and necessary to protect the employer's legitimate interest and does not impose undue hardship on the employee (*BDO Seidman v Hirshberg*, 93 NY2d 382, 388-389 [1999]).

An employer's legitimate interest can include preventing an employee from misappropriating trade secrets or confidential customer lists or keeping an employee with unique or extraordinary skills from joining a competitor to the employer's detriment (*see Reed, Roberts Assoc. v Strauman*, 40 NY2d 303, 308 [1976]; *BDO Seidman*, 93 NY2d at 389). Here, 1MM failed to establish that its customer lists and model contact information are confidential, since it has not shown that the information is not readily available to others in the modeling industry (*see Leo Silfen, Inc. v Cream*, 29 NY2d 387, 392 [1972]). But 1MM has

raised a viable issue of fact as to whether Kavoussi's services were "special, unique or extraordinary," given that he had cultivated personal relationships with 1MM's models while working for 1MM and using its resources (*see Henson Group, Inc. v Stacy*, 66 AD3d 611 [2009]; *Crown IT Servs., Inc. v Koval-Olsen*, 11 AD3d 263 [2004]).

Kavoussi argues that enforcing the restrictive covenant as written would prevent him from working in the modeling industry, but a triable issue has been raised concerning whether the restriction against working for agencies representing former 1MM models was unreasonably burdensome.

Since 1MM failed to establish that Kavoussi misappropriated or exploited confidential records or proprietary information, the cause of action for unfair competition was properly dismissed (*see Eagle Comtronics v Pico Prods.*, 256 AD2d 1202, 1203 [1998]).

Finally, leave to further amend the complaint to include claims for tortious interference with contract and tortious interference with prospective economic relations against Kavoussi and as against Men Women as an additional party was properly denied in the absence of a sufficient evidentiary showing that the proposed claims were viable (*see Weksler v Kane Kessler, P.C.*, 63 AD3d 529 [2009]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Saxe, J.P., Friedman, DeGrasse, Freedman and Abdus-Salaam, JJ.