OPINION OF THE COURT
Shirley Werner Kornreich, J.
Plaintiff OTG Management, LLC moves by order to show cause for a preliminary injunction, pursuant to CPLR 6301 and 6311, against defendants Aris Konstantinidis and SSP America, Inc. Plaintiffs motion is granted in part and denied in part for the reasons that follow.
I. Factual Background and Procedural History
OTG is a company that provides food and beverage services at airports, including JFK and LaGuardia airports in New York. In July 2011, Konstantinidis was hired by OTG to be an operations manager at LaGuardia. On July 8, 2011, Konstantinidis *619 signed an agreement regarding post-employment competition (the agreement) because, as paragraph E of the recitals states, he was “required to sign this Agreement as a condition of being employed.” The agreement prohibits Konstantinidis from, inter alia, (1) being employed by a competitor at any airport in the United States for one year after the end of his employment; (2) soliciting any OTG employee or customer for two years after the end of his employment; and (3) disclosing OTG’s proprietary information. The agreement requires all disputes to be mediated, except for applications for injunctive relief, such as the instant motion.
In December 2012, OTG transferred Konstantinidis to JFK, where he became the terminal director of JFK Terminal 5. On April 18, 2013, Konstantinidis resigned from OTG. The following week, Konstantinidis began working for SSI] a competitor of OTG that operates at JFK Terminal 4.
On April 30, 2013, OTG commenced this action and asserted two causes of actions in the complaint: (1) breach of contract against Konstantinidis for violating the noncompete, non-solicitation, and nondisclosure clauses in the agreement; and (2) tortious interference with contractual relations against SSP for inducing Konstantinidis to breach the agreement. That same day, OTG filed the instant motion and appeared in court seeking a temporary restraining order (TRO) prohibiting Konstantinidis from working at SSP and from recruiting current and former OTG employees to work for SSP The court only issued a TRO as to the latter relief and allowed Konstantinidis to continue working at SSP pending a decision on the instant motion.
II. Discussion
*620 As a threshold matter, the court must assess whether the non-compete and non-recruitment clauses in the agreement are enforceable restrictive covenants.
*619 “A preliminary injunction substantially limits a defendant’s rights and is thus an extraordinary provisional remedy requiring a special showing. Accordingly, a preliminary injunction will only be granted when the party seeking such relief demonstrates a likelihood of ultimate success on the merits, irreparable injury if the preliminary injunction is withheld, and a balance of equities tipping in favor of the moving party.” (1234 Broadway LLC v West Side SRO Law Project, Goddard Riverside Community Ctr., 86 AD3d 18, 23 [1st Dept 2011] [citation omitted], citing Doe v Axelrod, 73 NY2d 748 [1988].)
*620 “In order to be enforceable, an anticompetitive covenant ancillary to an employment agreement must be reasonable in time and area, necessary to protect the employer’s legitimate interests, not harmful to the public, and not unreasonably burdensome to the employee.” (Crown IT Servs., Inc. v Koval-Olsen, 11 AD3d 263, 264 [1st Dept 2004], citing BDO Seidman v Hirshberg, 93 NY2d 382 [1999].) The Court of Appeals has “limited the cognizable employer interests under the [reasonableness prong] to the protection against misappropriation of the employer’s trade secrets or of confidential customer lists, or protection from competition by a former employee whose services are unique or extraordinary.” (BDO Seidman, 93 NY2d at 389.) A restriction on a former employee’s ability to work for a competitor is invalid unless the employee’s services were “unique or extraordinary” or if the job is considered a “learned profession” (such as law or accounting). (Id. at 389-390.)
 The noncompete clause is unenforceable against Konstantinidis. His services were not unique nor is a terminal director considered a learned profession. Nonetheless, OTG argues that Konstantinidis can be barred from working for SSP because he is in possession of OTG’s trade secrets, which he will inevitably disclose to SSE (See Estee Lauder Cos. Inc. v Batra, 430 F Supp 2d 158, 176 [SD NY 2006] [“it is doubtful whether the defendant could completely divorce his knowledge of the trade secrets from any . . . work he might engage in” (quoting Monovis, Inc. v Aquino, 905 F Supp 1205, 1234 [WD NY 1994])].) In this case, however, Konstantinidis’ employment managing the food service appears to have little to nothing to do with utilizing the trade secrets at issue, which are complex financial models utilized by OTG that supposedly are what make its unique “concessionaire product” profitable. Though Konstantinidis had access to these trade secrets while employed with OTG (and possibly shortly thereafter), the disclosure of such secrets to SSI] a direct competitor, is both a separate violation of the agreement and otherwise illegal under New York law. However, this court cannot adjudicate the merits of any alleged illegal disclosure of OTG’s trade secrets because such a dispute is subject to the mandatory arbitration clause in the agreement. The court’s inquiry is limited to whether OTG has demonstrated a likelihood of success on the merits that would warrant the drastic measure of prohibiting his employment with SSE OTG has not.
*621 OTG’s concern about Konstantinidis working for SSP is not predicated on whether Konstantinidis will actually use the financial models in the scope of his new employment. Rather, OTG understandably worries about its trade secrets falling into the hands of a competitor. This danger, however, cannot be remedied by granting the requested preliminary injunction because Konstantinidis’ continued employment with SSP has no bearing on whether he has already or is going to illegally give them the trade secrets. Based on the record, he is fully capable of performing his job without relying on OTG’s financial models. Indeed, SSP contends that it uses a completely different type of financial model which cannot be aided by information about OTG’s model. Whether this is true is a question of fact, but OTG has not produced evidence demonstrating a likelihood of success on the merits with respect to this issue.
Additionally, the myriad bad acts alleged throughout OTG’s papers (such as the circumstances of Konstantinidis allegedly forwarding another employee’s login information to his personal email address so he could access a company database after his resignation) do not militate in favor of enjoining his employment with SSP Rather, they speak to the merits of OTG’s claims against Konstantinidis for breach of the agreement and unfair competition, which also must be arbitrated.
As for the non-recruitment clause, a federal district court recently observed that “[t]here appears to be no New York Court of Appeals case discussing the applicable standard for non-recruitment covenants.” (See Renaissance Nutrition, Inc. v Jarrett, 2012 WL 42171, *2, 2012 US Dist LEXIS 2490, *7 [WD NY, Jan. 9, 2012, No. 08 CV 800S] [also noting that only one state court case has discussed the standard], citing Lazer Inc. v Kesselring, 13 Misc 3d 427 [Sup Ct, Monroe County 2005].) While both Renaissance Nutrition and Lazer recognized that non-recruitment clauses are subject to reasonableness scrutiny because they are anti-competitive in nature, non-recruitment clauses are “inherently more reasonable and less restrictive” than noncompete clauses. (Renaissance Nutrition, 2012 WL 42171, *5, 2012 US Dist LEXIS 2490, *15 [“a non-recruitment clause, as opposed to a non-compete clause, does not infringe on an (employee’s) ability to engage in an occupation, but merely infringes on his ability to recruit former co-workers to engage in competitive businesses”]; Lazer, 13 Misc 3d at 431 [“such a covenant does not affect in the same way the ‘powerful considerations of public policy which militate against sanction *622 ing the loss of a man’s livelihood’ ” (quoting Purchasing Assoc. v Weitz, 13 NY2d 267, 272 [1963])].)
Here, the court finds that the non-recruitment clause is enforceable because it is reasonable in scope and imposes no meaningful burden on Konstantinidis. There is no reason to believe that Konstantinidis’ employment with SSP will be impacted by his inability to recruit his former co-workers. The court originally issued the TRO for these reasons and likewise issues a preliminary injunction. However, the injunction will automatically expire on April 18, 2015, because the agreement limits the non-solicitation clause to two years after Konstantinidis’ resignation.
Finally, given that the determination of whether Konstantinidis breached the agreement will be decided by an arbitrator, the court stays this action against SSP until the arbitration concludes. The stay is necessary because the only claim against SSP is for tortious interference with contract, the elements of which are “the existence of a valid contract, the tortfeasor’s knowledge of the contract and intentional interference with it, the resulting breach and damages.” (Hoag v Chancellor, Inc., 246 AD2d 224, 228 [1st Dept 1998].) To prevail on this claim, OTG must prove that Konstantinidis breached the agreement. OTG cannot simultaneously litigate that issue before the arbitrator and this court. This would waste judicial resources and create the risk of inconsistent rulings. Consequently, OTG may only proceed with its claim against SSP if and when the arbitrator rules that Konstantinidis breached the agreement.
Accordingly, it is ordered that the motion by plaintiff OTG Management, LLC for a preliminary injunction is granted against defendant Aris Konstantinidis to the extent that, until April 18, 2015, said defendant may not solicit or recruit any individual while they are employed by said plaintiff and for six months after their employment with said plaintiff ends; the motion is otherwise denied; and it is further ordered that this action is stayed pending a decision in the arbitration between plaintiff OTG Management, LLC and defendant Aris Konstantinidis.