■ TBA Global, LLC, Appellant, v Proscenium Events, LLC, et al., Respondents. [980 NYS2d 459]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered on or about April 9, 2013, which, to the extent appealed from as limited by the briefs, granted a motion by defendants Mark Shearon, Chuck Santoro and James Cavanaugh for partial summary judgment to the extent of finding that certain restrictive covenants consisting of postemployment nonsolicitation agreements between plaintiff and each of the moving defendants are unenforceable, and denied plaintiff's motion to compel discovery, unanimously modified, on the law, the motion for partial summary judgment denied, and otherwise affirmed, without costs.

Shearon's nonsolicitation agreement with plaintiff provided that for a period of two years after the termination of his employment with plaintiff he was not to "directly or indirectly, communicate with clients or customers of [plaintiff] or pursue business relationships developed while employed by [plaintiff]" except for exclusions that are not relevant to this appeal. The nonsolicitation agreements entered into by Santoro and Cavenaugh provided that during their one-year postemployment nonsolicitation periods neither respective employee was to "directly or indirectly communicate with the clients or prospective clients of [plaintiff] that" each "had personal contact with while employed by [plaintiff]." Defendants moved for partial summary judgment to the extent of a determination that the subject nonsolicitation agreements are overbroad and unenforce-

able. By their own terms, all of the nonsolicitation agreements were to be governed by and construed in accordance with Delaware law. Nonetheless, the parties differ as to whether New York law or Delaware law should be applied.

In light of the parties' disagreement as to which state's law should apply, our first step is to determine whether there is an actual conflict between the laws of the jurisdictions involved (*see Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.]*, 81 NY2d 219, 223 [1993]). For an actual conflict to exist, "the laws in question must provide different substantive rules in each jurisdiction that are 'relevant' to the issue at hand and have a 'significant *possible* effect on the outcome of the trial' " (*Elmaliach v Bank of China Ltd.*, 110 AD3d 192, 200 [1st Dept 2013]). Under New York law, an employee's noncompetition agreement is reasonable and, therefore, enforceable "only if it: (1) is *no greater* than is required for the protection of the *legitimate interest* of the employer, (2) does not impose undue hardship on the employee, and (3) is not injurious to the public" (*BDO Seidman v Hirshberg*, 93 NY2d 382, 388-389 [1999]). The parties' briefs disclose no conflict of laws that would have a " 'significant possible effect on the outcome of the trial' " (*see Elmaliach*, 110 AD3d at 200 [emphasis omitted]). To be sure, the moving defendants argued before the motion court that "Delaware law does not differ significantly from New York law as to the test for enforceability" and that applying New York law "should not make a material difference to the outcome" of the case. Thus, we apply the law of New York, the forum state (*see Excess Ins. Co. v Factory Mut. Ins. Co.*, 2 AD3d 150, 151 [1st Dept 2003], *affd* 3 NY3d 577 [2004]).

The motion court erred in granting partial summary judgment based on its finding that the nonsolicitation covenants are unenforceable. Contrary to the motion court's determination, the restrictions imposed are no greater than required to protect TBA's legitimate interests which include the protection of client relationships (*see BDO Seidman*, 93 NY2d at 388; *Reed, Roberts Assoc. v Strauman*, 40 NY2d 303, 307-308 [1976]; *Crown IT Servs., Inc. v Koval-Olsen*, 11 AD3d 263, 264 [1st Dept 2004]). The purported preexisting relationship between Santoro and T-Mobile, one of the customers allegedly improperly solicited by defendants, does not establish that such a relationship existed between any of the moving defendants and the other TBA clients alleged to have been improperly solicited. Thus, summary judgment was improperly granted since TBA is not precluded from seeking to enforce the nonsolicitation covenants for the purpose of protecting its customer relationships and goodwill.

Further, the motion court incorrectly found that there is no evidence that defendants misappropriated or used plaintiff's customer lists or trade secrets. To the contrary, plaintiff has proffered evidence that the moving defendants, who had intimate knowledge of TBA's intellectual property and financial information, misappropriated and misused TBA's trade secrets and intellectual property in connection with their solicitation of clients. The record contains evidence that Shearon regularly forwarded to his personal email account confidential and propri-etary TBA pricing and customer information, including internal TBA reports detailing comprehensive information about TBA customers such as revenue figures, project pricing and the status of projects, and also took proprietary documents pertaining to TBA's work on Walmart, including proposal and pitch materi-als. Thus, at a minimum, there are issues of fact with respect to whether the moving defendants breached the restrictive cove-nants (*see Ashland Mgt. Inc. v Altair Invs. NA, LLC*, 59 AD3d 97, 102 [1st Dept 2008], *mod on other grounds* 14 NY3d 774 [2010]).

With respect to the denial of TBA's motion to compel discovery, the court did not abuse its discretion in concluding that TBA must provide further disclosure to defendants concerning its customers and damages before obtaining the relief requested. Concur—Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Gische, JJ.