■ DONALD P. FEWER, Respondent, v GFI GROUP INC. et al., Appellants. [2 NYS3d 428]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered February 21, 2014, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the first, third, fourth, fifth, sixth and seventh causes of action, and summary judgment dismissing the first, second, fifth, and seventh counterclaims, and denied defendants' motion for summary judgment dismissing the first, third, sixth, and seventh causes of action, unanimously modified, on the law, to deny plaintiff's motion as to the first, sixth and seventh causes of action, the fifth counterclaim, and so much of the third, fourth and fifth causes of action and first and second counterclaims as are based on the nonsolicitation provisions, to grant defendants' motion for summary judgment dismissing the sixth and seventh causes of action as nonjusticiable, and it is declared, upon the third, fourth and fifth causes of action, that the noncompete covenants in the employment and option agreements are unenforceable, and otherwise affirmed, without costs.

In 1996, plaintiff began working for defendant Jersey Partners Inc. (JPI), defendant GFI Group Inc.'s predecessor and largest shareholder, as the head of its North American credit derivatives desk. In 2000, he was promoted to the position of "Senior Managing Director and President," became responsible for GFI's entire North American brokerage business, and reported directly to the CEO and president. In 2007, GFI effected a "realignment of responsibilities in North America," replacing plaintiff as the person in charge of the day-to-day operations of

its North American brokerage business, limiting his responsibilities to the North American credit business, and requiring him to report to his replacement, thereby diminishing his rank and role in the company.

The significant change in plaintiff's duties constituted a material breach of his employment agreement (*see Rudman v Cowles Communications*, 30 NY2d 1, 10 [1972]; *Hondares v TSS-Seedman's Stores*, 151 AD2d 411, 413 [1st Dept 1989]). However, a triable issue of fact exists whether plaintiff's 15-month delay in asserting the breach, during which time he continued to perform his duties, was reasonable or, by so delaying, he elected his remedy and may not now assert the breach (*see El-Ad 250 W. LLC v 30 Hubert St. LLC*, 67 AD3d 520, 521 [1st Dept 2009]; *Awards.com v Kinko's, Inc.*, 42 AD3d 178, 188 [1st Dept 2007], *affd* 14 NY3d 791 [2010]). Thus, plaintiff is not entitled to summary judgment on his first cause of action.

The record demonstrates that defendants did not have a legitimate interest in restricting plaintiff from working for a competitor once he was in his demoted position at GFI (*see BDO Seidman v Hirshberg*, 93 NY2d 382, 388-389 [1999]; *Reed, Roberts Assoc. v Strauman*, 40 NY2d 303, 307-308 [1976]). Although the employment agreement acknowledged the uniqueness of plaintiff's services, that acknowledgment was made in connection with plaintiff's acceptance of a position he no longer held at the time of his resignation. Further, the record is devoid of evidence that plaintiff possessed any trade secrets or confidential customer lists (*see BDO Seidman*, 93 NY2d at 389; *Reed, Roberts*, 40 NY2d at 308). Thus, insofar as the restrictive covenants contained in the employment and option agreements prohibited plaintiff from competing with GFI and JPI, respectively, they are unenforceable.

However, the record does not demonstrate as a matter of law whether GFI had a legitimate business interest in preventing plaintiff from soliciting former coworkers. Thus, plaintiff is not entitled to summary judgment on the third, fourth and fifth causes of action and summary judgment dismissing the first and second counterclaims to the extent those causes of action and counterclaims are based on the nonsolicitation covenants (*see Natsource LLC v Paribello*, 151 F Supp 2d 465, 469 [SD NY 2001]; *Renaissance Nutrition, Inc. v Jarrett*, 2012 WL 42171, *5, 2012 US Dist LEXIS 2490, *15 [WD NY, Jan. 9, 2012, No. 08-CV-800S]). JPI's cancellation of plaintiff's shares of company stock without compensation renders the "employee choice" doctrine inapplicable to the nonsolicitation covenants in the option agreements (*see Morris v Schroder Capital Mgt. Intl.*, 7 NY3d 616, 620-621 [2006]).

In the undisputed absence of any justiciable controversy as to the enforceability of the call rights provisions contained in the option agreements, plaintiff is not entitled to summary judgment on the sixth and seventh causes of action, and those causes of action are dismissed (CPLR 3001; *see Matter of Ideal Mut. Ins. Co.*, 174 AD2d 420 [1st Dept 1991]).

Plaintiff is not entitled to summary judgment dismissing the fifth counterclaim, which alleges breach of loyalty. Issues of fact exist as to whether plaintiff, while still employed by GFI, solicited his fellow employees, who later joined plaintiff at a competing firm (*see Scott v Beth Israel Med. Ctr., Inc.*, 47 AD3d 541 [1st Dept 2008]; *Don Buchwald & Assoc., Inc. v Marber-Rich*, 11 AD3d 277, 278 [1st Dept 2004]).

The motion court properly dismissed the seventh counterclaim alleging unfair competition. Defendants failed to demonstrate that plaintiff misappropriated or exploited confidential information (*see 1 Model Mgt., LLC v Kavoussi*, 82 AD3d 502, 504 [1st Dept 2011]). Despite extensive discovery, GFI points to no evidence that plaintiff improperly exploited the confidential information that he obtained while working for it, or that the competitor actually used the information to unfairly compete with defendants. Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Clark, JJ.