# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

780
CA 15-00009
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

GENESEE VALLEY TRUST COMPANY AND CANANDAIGUA
NATIONAL CORPORATION,
PLAINTIFFS-APPELLANTS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

THE WATERFORD GROUP, LLC, BRIAN P. COSTELLO
AND MICHAEL J. MERRIMAN,
DEFENDANTS-RESPONDENTS-APPELLANTS.

---

UNDERBERG & KESSLER LLP, ROCHESTER (PAUL F. KENEALLY OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS-RESPONDENTS.

LECLAIR KORONA GIORDANO COLE LLP, ROCHESTER (JEREMY M. SHER OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order and interlocutory judgment (one paper) of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered March 28, 2014. The order and judgment denied the cross motion of plaintiffs for, inter alia, summary judgment and granted the motion of defendants for summary judgment in part by issuing a declaration that § 7.1 of the employment agreements of defendants Brian P. Costello and Michael J. Merriman with plaintiff Genesee Valley Trust Company is invalid and unenforceable and dismissing the fifth and eighth causes of action.

It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by vacating the declaration with respect to defendant Brian P. Costello, denying that part of defendants' motion seeking summary judgment dismissing the fifth cause of action and reinstating that cause of action, and granting that part of defendants' motion seeking summary judgment dismissing the fourth cause of action, and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiff Canandaigua National Corporation (CNC) purchased plaintiff Genesee Valley Trust Company (GVT), an investment management firm, on or about January 2, 2008. Defendants Brian P. Costello and Michael J. Merriman were employees of GVT, and Costello had been a GVT shareholder and was paid for his shares in the sale to CNC. Costello and Merriman signed new employment agreements with GVT that became effective January 3, 2008. Section 7.1 of the agreements provided that the employee would pay GVT a fee in the event that the employee solicited and obtained business from GVT clients within a

year of leaving its employ, and that the amount of the fee would be based on two times the total amount of fees and payments made to GVT by the solicited client in the 12 months prior to the employee's departure.  In addition, section 7.2 prohibited the employee from soliciting other GVT employees to leave their employment under certain circumstances.  Costello, Merriman, and nonparty Mary O'Brian, another GVT employee, all left GVT between December 31, 2010 and January 7, 2011, and Costello signed a termination agreement with a clause that prohibited him from making disparaging statements about GVT.  Later in January 2011, Costello, Merriman, and O'Brian became the sole members of defendant The Waterford Group, LLC (Waterford), another investment management firm.

Plaintiffs commenced this action alleging, inter alia, that defendants solicited GVT clients to move their business to Waterford, that Merriman solicited O'Brian to leave GVT and join Waterford in violation of section 7.2, and that Costello disparaged GVT in violation of his termination agreement.  Plaintiffs sought damages and a judgment declaring that amounts were due to GVT from Costello and Merriman pursuant to section 7.1.  After obtaining dismissal of several of plaintiffs' causes of action on a motion to dismiss, defendants moved for summary judgment seeking a declaration that section 7.1 is unenforceable and dismissal of the remaining causes of action.  Plaintiffs cross-moved for, inter alia, summary judgment seeking a declaration that section 7.1 is enforceable against both Costello and Merriman.  Supreme Court denied plaintiffs' cross motion and granted defendants' motion in part by issuing a declaration that section 7.1 is "invalid and unenforceable," and dismissing the fifth and eighth causes of action on the ground that section 7.2 is likewise unenforceable.  The court denied defendants' motion with respect to the fourth cause of action, which alleges that Merriman breached his duty of fidelity and loyalty to GVT, and the twelfth cause of action, which alleges that Costello breached the nondisparagement clause of his termination agreement.  Plaintiffs appeal and defendants cross-appeal.

We note at the outset that plaintiffs do not contend in their brief that the court erred in issuing a declaration that section 7.1 is unenforceable against Merriman or that the court erred in dismissing the eighth cause of action, and we thus deem any issues with respect to those matters abandoned (*see Burton v Matteliano*, 81 AD3d 1272, 1275, *lv denied* 17 NY3d 703).

We agree with plaintiffs that the court erred in granting that part of defendants' motion seeking a declaration that section 7.1 is unenforceable against Costello.  We therefore modify the order and judgment by vacating the declaration with respect to Costello, thereby allowing the first cause of action to go forward.  Because Costello sold his GVT shares to CNC, and CNC acquired GVT's goodwill in the transaction, the enforceability of section 7.1 against Costello should be evaluated pursuant to the standard applicable to the sale of a business rather than "the stricter standard of reasonableness" applicable to employment contracts (*Reed, Roberts Assoc. v Strauman*, 40 NY2d 303, 307, *rearg denied* 40 NY2d 918; *see Weiser LLP v*

*Coopersmith*, 51 AD3d 583, 583-584; *Kraft Agency v Delmonico*, 110 AD2d 177, 182-183).  A covenant restricting the right of a seller of a business to compete with the buyer is enforceable if its duration and scope are "reasonably necessary to protect the buyer's legitimate interest in the purchased asset" (*Hadari v Leshchinsky*, 242 AD2d 557, 558; *see Mohawk Maintenance Co. v Kessler*, 52 NY2d 276, 283-284; *Purchasing Assoc. v Weitz*, 13 NY2d 267, 271-272, *rearg denied* 14 NY2d 584), and we conclude that the scope and one-year duration of section 7.1 are reasonably necessary, as applied to Costello, to protect CNC's legitimate interest in GVT's goodwill (*see Weiser LLP*, 51 AD3d at 583-584; *see also Purchasing Assoc.*, 13 NY2d at 271-272; *Sarantopoulos v E-Z Cash ATM, Inc.*, 35 AD3d 708, 709), except relative to clients, if any, that Costello independently recruited to GVT after it was sold to CNC (*see Weiser LLP v Coopersmith*, 74 AD3d 465, 467-468).  Absent anticompetitive misconduct by the employer not present here, a restrictive covenant that is overbroad in some respect is "partially enforceable 'to the extent necessary to protect [the employer's] legitimate interest' " (*Malcolm Pirnie, Inc. v Werthman*, 280 AD2d 934, 935; *see BDO Seidman v Hirshberg*, 93 NY2d 382, 394-395; *see also Brown & Brown, Inc. v Johnson*, ___ NY3d ___, ___ [June 11, 2015] and, with that limited exception, section 7.1 is prima facie enforceable against Costello.

In any event, we note that the result would be the same under the standard applicable to employment contracts, whereby a restrictive covenant "is reasonable only if it:  (1) is *no greater* than is required for the protection of the *legitimate interest* of the employer, (2) does not impose undue hardship on the employee, and (3) is not injurious to the public" (*BDO Seidman*, 93 NY2d at 388-389).  GVT's interest in protecting its customer relationships and goodwill for the benefit of CNC is a legitimate interest under that standard as well (*see TBA Global, LLC v Proscenium Events, LLC*, 114 AD3d 571, 572; *Gundermann & Gundermann Ins. v Brassill*, 46 AD3d 615, 616), and partially enforcing section 7.1 against Costello will not impose undue hardship on him or harm the public (*see BDO Seidman*, 93 NY2d at 393-394).

We conclude, however, that plaintiffs are not entitled to a declaration in their favor at this juncture because they have not established that the damages clause of section 7.1 is enforceable (*see generally id.* at 396).  As the parties acknowledge, the provision of section 7.1 governing the amount of the fee to be paid "essentially represents a liquidated damages clause" (*id.*), and is thus enforceable if, at the time the agreement was made, the amount of plaintiffs' actual loss was "incapable or difficult of precise estimation" and the amount liquidated was not "plainly or grossly disproportionate to the probable loss" (*Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 425; *see JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 380).  Although the record establishes that plaintiffs' actual damages from the solicitation of any particular client "are sufficiently difficult to ascertain to satisfy the first requirement of a valid liquidated damages provision" (*BDO Seidman*, 93 NY2d at 396; *see Marcone APW, LLC v Servall Co.*, 85 AD3d 1693, 1696-1697), and we recognize that

defendants, as the parties seeking to avoid liquidated damages, bear the ultimate burden of establishing that the clause is unenforceable (*see 172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc.*, 24 NY3d 528, 536; *JMD Holding Corp.*, 4 NY3d at 379-380), we conclude that the sparse financial information submitted by plaintiffs on their cross motion "by no means conclusively demonstrates the absence of gross disproportionality" (*BDO Seidman*, 93 NY2d at 396-397).  Accordingly, "further development of the record on the liquidated damages formula" at trial is necessary (*id.* at 397; *see Central Irrigation Supply v Putnam Country Club Assoc., LLC*, 27 AD3d 684, 685; *Tremco, Inc. v Turk*, 170 AD2d 987, 987-988).

We also agree with plaintiffs that the court erred in granting that part of defendants' motion seeking to dismiss the fifth cause of action on the basis that plaintiffs had no legitimate interest in enforcing section 7.2 against Merriman in connection with his alleged solicitation of O'Brian.  We therefore further modify the order and judgment accordingly.  A covenant not to solicit employees is " 'inherently more reasonable and less restrictive' " than a covenant not to compete (*OTG Mgt., LLC v Konstantinidis*, 40 Misc 3d 617, 621; *see also Natsource LLC v Paribello*, 151 F Supp 2d 465, 470-471), and an employer has a legitimate interest in preventing an employee from leaving to work for a competitor if the employee has cultivated personal relationships with clients through the use of the employer's resources (*see BDO Seidman*, 93 NY2d at 391-392; *1 Model Mgt., LLC v Kavoussi*, 82 AD3d 502, 503-504).  There is conflicting evidence here regarding the importance of the personal relationships O'Brian had with GVT clients, and thus an issue of fact exists whether GVT had a legitimate interest in preventing Merriman from soliciting her to join Waterford (*see Fewer v GFI Group Inc.*, 124 AD3d 457, 458).

We agree with defendants on their cross appeal that the court erred in denying that part of their motion seeking to dismiss the fourth cause of action, and we therefore further modify the order and judgment accordingly.  The majority of the allegations in that cause of action were determined in the prior dismissal order to be insufficiently particularized to satisfy CPLR 3016 (b).  Defendants made a prima facie showing on their motion for summary judgment that Merriman did not engage in the remaining conduct alleged, and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Finally, we reject defendants' contention that the court erred in denying that part of their motion seeking to dismiss the twelfth cause of action on the basis that plaintiffs had not established any damages arising from Costello's alleged breach of his termination agreement.  Defendants did not meet their burden on that issue "simply by pointing to gaps in plaintiff[s'] proof" (*Route 104 & Rte. 21 Dev., Inc. v Chevron U.S.A., Inc.*, 96 AD3d 1491, 1492; *see Benderson v Ulrich/34 Chestnut St., LLC*, 57 AD3d 1417, 1419).

Entered:  July 10, 2015                    Frances E. Cafarell
                                           Clerk of the Court