(December 7, 2017)

■ Daniel G. Hickey, Jr., Respondent, v Steven E. Kaufman, P.C., et al., Appellants. [66 NYS3d 474]—

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered October 9, 2015, which granted plaintiff's motion for leave to amend the complaint and denied defendants' motions to dismiss the complaint as against them as moot, unanimously affirmed, without costs. Order, same court and Justice, entered on or about February 3, 2017, which denied defendants' motions to dismiss the amended complaint as against them, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment dismissing the amended complaint.

Given the Legislature's 2005 amendment of CPLR 3211 (e) (see Lucido v Mancuso, 49 AD3d 220, 228-229 [2d Dept 2008], appeal withdrawn 12 NY3d 813 [2009]), plaintiff was not required to support his motion to amend the complaint with an affidavit of merit (MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]). However, even viewed in the light of older precedent requiring an affidavit of merit on a motion to amend (see e.g. Bonanni v Straight Arrow Publs., 133 AD2d 585, 588 [1st Dept 1987]), the court providently exercised its discretion in finding that plaintiff's verification of the proposed amended complaint and his affidavit in opposition to defendants' motions to dismiss the original complaint, which affidavit was annexed as an exhibit to the proposed amended complaint, satisfied the requirement of an affidavit of merit. Plaintiff was not required to explain his approximately six-month delay in moving to amend the complaint (compare Oil Heat Inst. of Long Is. Ins. Trust v RMTS Assoc., 4 AD3d 290 [1st Dept 2004] [2½ year delay]; Heller v Louis Provenzano, Inc., 303 AD2d 20 [1st Dept 2003] [motion made more than six years after commencement of action, four years after filing of note of issue, more than four years after first trial, and more than 1½ years after decision on prior appeal]). The fact that defendants expended time and expense in briefing their replies on their motions to dismiss the original complaint and preparing for oral argument is not the kind of prejudice required to defeat an amendment (see Jacobson v Croman, 107 AD3d 644 [1st Dept 2013]).

Nevertheless, the amended complaint must be dismissed, because plaintiff's claim that, but for defendants' negligence, he would have recovered the full $3 million that he was owed during the bankruptcy filed by nonparty Majestic Capital, Ltd., consists of "gross speculations on future events" (*Sherwood Group v Dornbush, Mensch, Mandelstam & Silverman*, 191 AD2d 292, 294 [1st Dept 1993]; *see also Heritage Partners, LLC v Stroock & Stroock & Lavan LLP*, 133 AD3d 428 [1st Dept 2015], *lv denied* 27 NY3d 904 [2016]; *Turk v Angel*, 293 AD2d 284 [1st Dept 2002], *lv denied* 100 NY2d 510 [2003]). Concur—Acosta, P.J., Mazzarelli, Kapnick and Webber, JJ.