Boliak v Reilly (2018 NY Slip Op 03745)





Boliak v Reilly


2018 NY Slip Op 03745


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Friedman, J.P., Gische, Andrias, Kern, Oing, JJ.


6654 153941/16

[*1]Lawrence Boliak, et al., Plaintiffs-Appellants,
v
Father Michael P. Reilly, et al., Defendants-Respondents. National Employment Lawyers Association of New York, Amicus Curiae.


Bergstein & Ullrich, LLP, New Paltz (Stephen Bergstein of counsel), for appellants.
Law Office of Mark E. Goidell, Garden City (Mark E. Goidell of counsel), for Father Michael P. Reilly, respondent.
Kelly Drye & Warren LLP, New York (David Zalman and John Callagy of counsel), for Robert Richard, Greg Manos, St. Joseph by the Sea High School, Cardinal Timothy Dolan and the Archdiocese of New York, respondents.
Harrison, Harrison & Assoc., Ltd., New York (Julie Salwen of counsel), for amicus curiae.



Order, Supreme Court, New York County (Erika M. Edwards, J.), entered September 25, 2017, which, insofar as appealed from as limited by the briefs, denied plaintiffs' cross motion for leave to serve a second amended complaint, inter alia, adding Board of Trustees of defendant St. Joseph by the Sea High School and board chairman Dr. Theodore Strange as defendants, unanimously modified, on the law, to grant the motion except as to adding Dr. Strange as a defendant, and otherwise affirmed, without costs.
Plaintiffs were not required to submit an affidavit of merit or make any other evidentiary showing in support of their motion (see Berkeley Research Group, LLC v FTI Consulting, Inc., 157 AD3d 486, 490 [1st Dept 2018]; Hickey v Steven E. Kaufman, P.C., 156 AD3d 436 [1st Dept 2017]).
The allegations that plaintiffs were subjected by defendant Father Reilly to a barrage of vulgar, misogynous and ageist remarks and epithets, which defendants Robert Richard and Greg Manos echoed, condoned, and amplified, state causes of action under the New York City Human Rights Law (Administrative Code of City of NY § 8-107) for gender and age discrimination through a hostile work environment (see Hernandez v Kaisman, 103 AD3d 106, 114-115 [1st Dept 2012], citing Williams v New York City Hous. Auth., 61 AD3d 62, 80 [1st Dept 2009], lv denied 13 NY3d 702 [2009]). The allegations also state causes of action for retaliation (see Fletcher v Dakota, Inc., 99 AD3d 43, 51-52 [1st Dept 2012]).
With the exception of Dr. Strange, the defendants named in the proposed complaint are subject to potential liability for Reilly's alleged discriminatory conduct either vicariously or as aiders and abettors (see Administrative Code § 8-107[13][a]-[b]; Priore v New York Yankees, 307 AD2d 67, 74 [1st Dept 2003], lv denied 1 NY3d 504 [2003]; see also Malena v Victoria's Secret Direct, LLC, 886 F Supp 2d 349, 367 [SD NY 2012]). Dr. Strange is alleged to be the board's "current" chairman; since he is not alleged to have been a member of the board at any relevant time, the proposed complaint is palpably insufficient as to him.
The proposed complaint states a cause of action against Reilly and Manos for defamation of plaintiff Lawrence Boliak (see Davis v Boeheim, 24 NY3d 262, 272 [2014]; O'Neill v New York Univ., 97 AD3d 199, 212 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK