St. Nicholas W. 126 L.P. v Republic Inv. Co., LLC (2021 NY Slip Op 02228)





St. Nicholas W. 126 L.P. v Republic Inv. Co., LLC


2021 NY Slip Op 02228


Decided on April 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 08, 2021

Before: Webber, J.P., Mazzarelli, González, Mendez, JJ. 


Index No. 156149/17 Appeal No. 13551N Case No. 2020-02306 

[*1]St. Nicholas W. 126 L.P., Plaintiff-Appellant,
v
Republic Investment Company, LLC, et al., Defendants-Respondents.


Goldstein Hall PLLC, New York (Brian J. Markowitz of counsel), for appellant.
Rivkin Radler LLP, New York (David M. Grill of counsel), for Republic Investment Company, LLC, respondent.
Koster, Brady & Nagler, LLC, New York (William H. Gagas of counsel), for Vertigo Ventures, LLC and Joseph Nehmadi, respondents.
John M. Giordano, P.C., New York (John M. Giordano of counsel), for Bahary Architecture P.C., respondent.
Braverman Greenspun, P.C., New York (Todd J. Manister of counsel), for BDB Construction Enterprise Inc., respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about March 12, 2020, which denied plaintiff's motion for leave to amend the complaint to add claims for the diminution of the value of air rights, and for legal and engineering fees, unanimously modified, on the law, to the extent of granting leave to amend the complaint to assert a claim for diminution of the value of air rights, and otherwise affirmed, without costs.
Plaintiff claims that while defendants were developing a parcel of land adjacent to its premises, they engaged in unauthorized excavation and construction under its premises, causing damage to its building. The motion court improvidently denied plaintiff leave to amend its complaint to assert a claim for diminution of the value of air rights (see generally Davis v South Nassau Communities Hosp., 26 NY3d 563, 580 [2015]). Plaintiff's proposed amended complaint sufficiently alleged that it has air rights over its premises, and that defendants' actions diminished the value of those rights. At this stage, plaintiff was not required to support its allegations with evidence or an affidavit of merit (see Sorge v Gona Realty, LLC, 188 AD3d 474, 475 [1st Dept 2020]; Miller v Cohen, 93 AD3d 424, 425 [1st Dept 2012]; Hickey v Steven E. Kaufman, P.C., 156 AD3d 436, 436 [1st Dept 2017], lv denied 32 NY3d 905 [2018]; see also MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]; Boliak v Reilly, 161 AD3d 625, 625 [1st Dept 2018]).
In opposing leave to amend, defendants failed to show prejudice to warrant the motion's denial. They argued that they would be prejudiced by amendment, because they offered to settle the action by paying for the damages to plaintiff's building, and because they would have to engage in additional discovery, further extending litigation. However, additional discovery, extended litigation, and increased liability exposure does not result in prejudice warranting denial of plaintiff's motion, where significant discovery is outstanding (see Jacobson v McNeil Consumer & Specialty Pharms., 68 AD3d 652, 654-655 [1st Dept 2009]; Antwerpse Diamantbank N.V. v Nissel, 27 AD3d 207, 208 [1st Dept 2006]). Moreover, the record indicates that defendants have not offered to settle plaintiff's claim for punitive damages.
The motion court providently exercised its discretion in denying plaintiff's motion to the extent it sought leave to amend the complaint to add a claim for legal and engineering fees. Plaintiff failed to cite any agreement, statute, or court rule that authorized an award of fees (see Matter of Part 60 Put-Back Litig., 36 NY3d 342, 361 [2020]). Plaintiff's argument in support of fees is essentially a policy argument, which is best addressed to the legislature (see Bright Homes v Wright, 8 NY2d 157, 162 [1960]).
We reject defendants Vertigo Ventures LLC and Joseph Nehmadi's request for sanctions as unwarranted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT[*2], APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2021