Weis v Rheem, Bell & Freeman, LLP (2023 NY Slip Op 03297)

Weis v Rheem, Bell & Freeman, LLP

2023 NY Slip Op 03297

Decided on June 15, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 15, 2023

Before: Renwick, A.P.J., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

Index No. 160796/20 Appeal No. 483 Case No. 2022-01880 

[*1]Adam Weis et al., Plaintiffs-Appellants,
v
Rheem, Bell & Freeman, LLP, et al., Defendants-Respondents.

Ressler & Ressler, New York (Ellen R. Werther of counsel), for appellants.
Furman Kornfeld & Brennan LLP, New York (Benjamin M. Oxenburg of counsel), for respondents.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered April 12, 2022, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint pursuant to pursuant to CPLR 3211(a)(1) and 3211(a) (7), unanimously affirmed, without costs.
Defendants were entitled to dismissal of the complaint given that plaintiffs failed to allege actual and ascertainable damages that were proximately caused by defendants' alleged malpractice, which plaintiffs claim prevented them from collecting on confessions of judgment filed by defendants. The confessions of judgment were found to be valid and enforceable. Cases that hold that the collectability of a judgment that would have been obtained in an underlying action, but for the defendant lawyer's malpractice (see Lindenman v Kreitzer, 7 AD3d 30 [1st Dept 2004]), are not pertinent here, where plaintiffs obtained valid judgments. The issue here is whether plaintiffs sustained actual damages, not whether defendants' alleged negligence precluded plaintiffs from recovering a favorable judgment in an underlying action. Furthermore, the allegations of proximate causation depend on multiple speculative allegations that a different result would have followed if a different deal could have been negotiated, with different events of default, and if defendants had acted more quickly (see Hickey v Steven E. Kaufman, P.C., 156 AD3d 436, 437 [1st Dept 2017], lv denied 32 NY3d 905 [2018]; Heritage Partners, LLC v Stroock & Stroock & Lavan LLP, 133 AD3d 428, 428-429 [1st Dept 2015], lv denied 27 NY3d 904 [2016]).
Plaintiffs have abandoned their appeal from the dismissal of their claims for breach of fiduciary duty and unjust enrichment by failing to make any arguments as to those claims in their appellate briefs (see M & E 73-75 LLC v 57 Fusion LLC, 189 AD3d 1, 6 [1st Dept 2020], lv dismissed 36 NY3d 1086 [2021]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 15, 2023