State Farm Mut. Auto. Ins. Co. v Clarke (2025 NY Slip Op 01184)

State Farm Mut. Auto. Ins. Co. v Clarke

2025 NY Slip Op 01184

Decided on February 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, González, Rosado, Michael, JJ. 

Index No. 808378/23|Appeal No. 3803|Case No. 2024-04076|

[*1]State Farm Mutual Automobile Insurance Company, et al., Plaintiffs-Respondents,
v
Colin Clarke, M.D., Defendant-Appellant.

Law Office of Eric J. Warner, LLC, New York (Eric J. Warner of counsel), for appellant.
Rivkin Radler LLP, Uniondale (Stuart M. Bodoff of counsel), for respondents.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered on or about June 25, 2024, which granted defendant's motion for leave to reargue his motion to amend the answer to assert counterclaims for breach of contract and declaratory relief and, upon reargument, adhered to its prior determination, unanimously modified, on the law, to grant the motion to amend as to the counterclaim for breach of contract, except for the demand for consequential damages, and otherwise affirmed, without costs.
As plaintiffs do not dispute, the court should not have adhered to its prior determination on the basis that defendant failed to submit an affidavit of merit in support of his motion for leave to amend (see Hickey v Steven E. Kaufman, P.C., 156 AD3d 436, 436 [1st Dept 2017], lv denied 32 NY3d 905 [2018]). Insofar as Non-Linear Trading Co. v Braddis Assoc. (243 AD2d 107 [1st Dept 1998]) held that a motion for leave to amend a pleading must be supported by an affidavit of merit (see id. at 116), it should not be followed.
The court should not have denied leave to amend the answer to add the counterclaim for breach of contract, as the claim "is not palpably insufficient as a matter of law" (Mashinsky v Drescher, 188 AD3d 465, 466 [1st Dept 2020]). Even if defendant's counterclaim has a basis in statutory and regulatory rights, the claim is of a "fundamentally contractual nature" (Mandarino v Travelers Prop. Cas. Ins. Co., 37 AD3d 775, 776 [2d Dept 2007]; see also Matter of Travelers Indem. Co. of Conn. v Glenwood Med., P.C., 48 AD3d 319 [1st Dept 2008]). Plaintiffs' reliance on Allstate Ins. Co. v Belt Parkway Imaging, P.C. (33 AD3d 407, 409 [1st Dept 2006]) is unavailing. However, defendant fails to rebut plaintiffs' challenge to the counterclaim's demand for consequential damages (see Genovese v State Farm Mut. Auto. Ins. Co., 106 AD3d 866, 868 [2d Dept 2013]).
The court providently exercised its discretion in denying leave to amend as to defendant's counterclaim for declaratory relief. That counterclaim is palpably insufficient because it essentially seeks an advisory opinion as to hypothetical future claims (see Pettie v Bronx Neighborhood Hous. Servs. CDC Inc., 230 AD3d 454, 455
[1st Dept 2024]; Matter of Ideal Mut. Ins. Co., 174 AD2d 420, 421 [1st Dept 1991]).
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2025